Filed 3/10/21  P. v. Walker CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CHARLES WALKER et al.,<br><br>　　Defendants and Appellants. | B305337<br><br>(Los Angeles County<br>Super. Ct. No. YA057505)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on February 25, 2021, be modified as follows:

1.  On page 1, second line of the first sentence of the first paragraph, "Wilcox" is changed to "Willcox" so it now reads:

of the County of Los Angeles, Edmund Willcox Clarke, Jr., Judge.

There is no change in judgment.

_____

BAKER, Acting P. J.          MOOR, J.          KIM, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES WALKER et al.,<br><br>    Defendants and Appellants. | B305337<br><br>(Los Angeles County Super. Ct. No. YA057505) |

APPEALS from postjudgment orders of the Superior Court of the County of Los Angeles, Edmund Wilcox Clarke, Jr., Judge. Reversed and remanded with directions.

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant Charles Walker.

G. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant Gary Holden.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Nicholas J.

Webster, Deputy Attorneys General, for Plaintiff and
Respondent.

_____

## I.     INTRODUCTION

Defendants Charles Walker and Gary Holden appeal from
the trial court's orders denying their petitions for resentencing
under Penal Code section 1170.95.[1] According to defendants, the
court erred by summarily denying their petitions based on its
finding that they had failed to make the requisite prima facie
showing of entitlement to relief under section 1170.95,
subdivision (c). We agree and therefore reverse the court's orders
and remand with directions.

## II.     BACKGROUND

A.    *The Shooting*

On January 30, 2004, defendants and another man, C.W.,
confronted the victim, who was waiting at a bus stop in local gang
territory. An altercation ensued during which the victim was
first punched and then fatally shot with a handgun. Various
eyewitnesses, including C.W., described all or parts of the
shooting.

_____

[1] All further statutory references are to the Penal Code.

2

B.	*The Trial and Murder Convictions*

In a one-count information, the District Attorney jointly charged defendants with murder in violation of section 187, subdivision (a). The District Attorney alleged that Holden personally used and discharged a handgun causing the death of the victim within the meaning of sections 12022.53, subdivisions (b) through (d). The District Attorney also alleged, as to Walker, that a principal personally used and discharged a handgun causing the death of the victim in violation of section 12022.53, subdivisions (b) through (e). And, the District Attorney alleged that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further, and assist criminal conduct by gang members.

At defendants' joint trial, the trial court gave, among others, instructions on first and second degree murder, direct aider and abettor liability, and the natural and probable consequences doctrine as it related to the target offense of assault. During argument, the prosecutor asserted that Walker first punched the victim and Holden then intentionally shot him. According to the prosecutor, Holden was therefore liable for first degree premeditated murder and Walker either knew of Holden's intent, and was therefore liable as a direct aider and abettor of that murder, or was liable for second degree murder under the natural and probable consequences doctrine based on his assault of the victim.

Following trial, the jury found Holden guilty of second-degree murder and found the gang allegation as to him true, but found all of the gun use allegations as to him "false." The jury

3

also found Walker guilty of second degree murder, found the gang allegation as to him true, and found true the allegations that a principal personally used and discharged a handgun causing the death of the victim.

The trial court sentenced Holden to 15 years to life on the murder count, plus a consecutive 10-year term for the gang enhancement, for an aggregate sentence of 25 years to life. The court sentenced Walker to 15 years to life on the murder count, plus a consecutive 25-year term for the firearm enhancement, for an aggregate sentence of 40 years to life.

C.   *Petitions for Resentencing*

On January 9, 2019, Holden filed a petition to recall his sentence pursuant to section 1170.95. According to Holden, he was entitled to resentencing because he was convicted of murder as an aider and abettor under the natural and probable consequences doctrine. He also maintained that there was insufficient evidence to show that he intentionally planned the victim's murder or otherwise shared in the perpetrator's intent.

The District Attorney initially opposed the petition solely on constitutional grounds, and Holden replied to those arguments, including a request for judicial notice.[2]

On June 21, 2019, Walker filed his petition for resentencing, alleging that he was convicted of murder under the natural and probable consequences doctrine and requesting appointment of counsel.

---

[2]   On May 20, 2019, Holden filed a request for appointment of counsel.

On July 30, 2019, the District Attorney filed a further response to Holden's petition, asserting, in addition to certain constitutional grounds, that the record evidence showed that Holden, if retried, could be convicted of second degree murder as either a direct aider and abettor or as the actual shooter. Holden, who was now represented by counsel, filed a reply to the District Attorney's latest submission addressing only the constitutional issues, and in a separate submission, he reasserted that there was insufficient evidence of his intent to kill and that the jury was instructed that he could be convicted of murder under the natural and probable consequences doctrine as an aider and abettor of assault.

Walker, through counsel, filed a response in support of his petition, arguing that because the jury was instructed on the natural and probable consequences doctrine with assault as the target crime, there was no evidence in the record demonstrating as a matter of law that, if retried, he could be convicted of first or second degree murder under a currently valid legal theory.

On February 19, 2020, the District Attorney filed a supplemental response to Walker's petition, supported by the trial transcripts, arguing that because the jury had been instructed concerning Walker's liability as a direct aider and abettor, he could still be convicted of murder if retried under current law.

D.    *Hearing on and Denial of the Petitions*

On February 26, 2020, the trial court conducted a hearing on defendants' resentencing petitions. Among other evidence from the trial record, the court cited the testimony of C.W. and

another eyewitness to the shooting and reasoned that because one of the defendants must have been the shooter, they both could be convicted of murder under current law as either the actual shooter or as a direct aider and abettor. Following argument from counsel, the court denied the petitions based on its finding that defendants failed "to make the necessary prima facie showing that [they] could not be convicted as a direct aider and abettor in this case."

## III. DISCUSSION

A. *Senate Bill No. 1437's Amendments to Sections 188 and 189 and Addition of Section 1170.95*

"Through section 1170.95, Senate Bill [No.] 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability could petition to have his conviction vacated and be resentenced. Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made

6

effective January 1, 2019.' (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . . , review granted Mar. 18, 2020, [S260493 (*Verdugo*)].) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. (*Verdugo*, [*supra*, 44 Cal.App.5th] at p. 330.) If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Verdugo,* [*supra*, 44 Cal.App.5th] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted [Mar. 18, 2020, S260598].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835, fn. omitted.) "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

B.     *Analysis*

Defendants contend that the trial court erred in concluding they had not made a prima facie showing of eligibility for relief. Because they alleged facts showing that their second degree murder convictions could have been based on the natural and probable consequences doctrine, defendants maintain that they made the required prima facie showing and therefore that the matter must be reversed and remanded with directions to issue an order to show cause and hold an evidentiary hearing under section 1170.95, subdivision (d).

The Attorney General concedes the error and agrees that the denials should be reversed and remanded with directions to issue an order to show cause and conduct a hearing.

Here, the record affirmatively demonstrated that each defendant was charged with murder, that the jury was instructed on second degree murder and the natural and probable consequences doctrine, and that the jury returned verdicts of second degree murder as to each defendant. In light of that record, the trial court could not determine at the initial stage of the process—as a matter of law and without resort to factfinding—that the jury did not base its second degree murder findings on the natural and probable consequences doctrine. (*Verdugo, supra*, 44 Cal.App.5th at p. 329 [when evaluating section 1170.95 petitioner's eligibility under subdivision (c), the court must make "all factual inferences in favor of the petitioner"].) Because the record showed that defendants could have been convicted under a theory of murder that was no longer viable under the revisions to sections 188 and 189, the court erred in denying the petitions at this stage in the proceedings. Accordingly, the orders denying the petitions must be reversed and the matters remanded with directions to issue orders to show cause and hold a hearing under section 1170.95, subdivision (d).

## IV.   DISPOSTION

The orders denying defendants' petitions for resentencing under section 1170.95 are reversed and remanded with directions to hold further proceedings on those petitions consistent with this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.